UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:20 CV 1504 RWS |
| | ) |
| SAINT CHARLES COUNTY, MISSOURI, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

On January 25, 2022, I granted Defendant St. Charles County's motion for summary judgment in this employment discrimination case. The County subsequently filed a motion for bill of costs, seeking recovery in the amount of $2,202.55. Plaintiff Kevin Jackson opposes the motion. In his brief, he argues that costs should not be taxed because he brought his claims under the Missouri Human Rights Act ("MHRA"), which provides that a court "may award court costs and reasonable attorney fees to the prevailing party, other than a state agency or commission or a local commission." Mo. Rev. Stat. § 231.111.2. He further argues that even if I can grant the County's motion, I should exercise my discretion and decline to do so because taxing costs in a case like this "will have a chilling effect on future civil rights litigants."

The presumption under Fed. R. Civ. P. 54(d) is that the prevailing party is entitled to costs. Bathke v. Casey's General Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995).

Under Title 28 U.S.C. § 1920, a court may tax costs for, among other items, the following: (1) fees of the clerk and of the marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; and (4) fees for exemplification and copies of papers necessarily obtained for use in the case. The County seeks to recover the total costs of printing the five depositions it offered in support of its motion for summary judgment, which were necessarily obtained for use in the case because I ordered their filing.[1] The County provided documentation of these printing costs: $989.75 for the deposition of Kevin Jackson; $796.80 for the depositions of Curtis Sullivan and Ruth Rollins; and $416.00 for the depositions of Christopher Hunt and David Todd.

I find that these fees are reasonable and recoverable under 28 U.S.C. § 1920. Jackson brought claims under Title VII, 42 U.S.C. § 1981, and the MHRA. Because I can award costs under Fed. R. Civ. P. 54(d) for his federal claims, it is "irrelevant" whether the MHRA permits recovery. See Hamidi v. City of Kirksville, 2016 WL 6563470, at *2 (E.D. Mo. Nov. 4, 2016) ("In this matter, Plaintiff filed claims under both the Missouri Human Rights Act and 42 U.S.C. § 1983. The Court is permitted to award costs under FRCP 54(d) for the § 1983 claims. Thus, it is irrelevant whether the Missouri Human Rights Act permits recovery.").

---

[1] Initially, both parties filed partial deposition transcripts in support of and in opposition to summary judgment. On December 22, 2021, I ordered the parties to file complete transcripts.

I have considered Jackson's policy argument about the potential "chilling effect" of awarding costs in employment discrimination suits. Jackson's counsel has advanced this argument in at least one other case in this Court. The Honorable Charles Shaw did not find the argument persuasive, explaining that "this Court typically assesses costs against employment discrimination plaintiffs who do not prevail in their actions" because "so doing…follows the general rule that a prevailing party is entitled to its costs." Hutchinson v. Daimler Chrysler Corp., 2007 WL 9808097, at *1 (E.D. Mo. Aug. 13, 2007). Judge Shaw further opined that the policy argument against awarding costs "would be stronger with respect to the related, but inapplicable, issue of awarding attorney's fees to a prevailing defendant in a Title VII action." Id. I agree with his conclusions and find that Jackson has not presented a valid reason why costs should not be taxed as claimed by the County.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant St. Charles County's motion for bill of costs, [35], is **GRANTED**, and that the Clerk shall tax the sum of $2,202.55 against Plaintiff Kevin Jackson in favor of Defendant St. Charles County.

                                                                        _____
                                                                        RODNEY W. SIPPEL
                                                                        UNITED STATES DISTRICT JUDGE

Dated this 8th day of March, 2022.